■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HUNT, Appellant.—Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered November 24, 1987, convicting defendant upon his plea of guilty of the crimes of kidnapping in the second degree (two counts), sodomy in the first degree (six counts), sodomy in the second degree (three counts), use of a child in a sexual performance (four counts) and promoting a sexual performance by a child (three counts).

On October 15, 1987, prior to trial and pursuant to a plea bargain, defendant entered a plea of guilty to kidnapping in the second degree (two counts), sodomy in the first degree (six counts), sodomy in the second degree (three counts), use of a child in a sexual performance (four counts) and promoting a sexual performance by a child (three counts). Upon the application of the prosecution that defendant be sentenced as a second felony offender, defendant was sentenced as such in accordance with the terms of the plea bargain to the maximum prison sentences allowed: 12½ to 25 years for each of the convictions of kidnapping and sodomy in the first degree, 7½ to 15 years on each of the convictions of use of a child in a sexual performance, and 3½ to 7 years for each of the convictions of sodomy in the second degree and promoting a sexual performance of a child; all sentences are to run concurrently.

The convictions stemmed from a 60-count indictment accusing defendant of various crimes involving sexual abuse of children. The children included 14 boys and one girl, all ranging in age from 7 to 15 years, and the crimes were alleged to have been committed over a three-year period from 1982 to 1985, predominantly during the summer months and Christmas vacations. Prior to the plea, certain misdemeanor counts of the indictment were dismissed on motion of defendant as being time barred. After reviewing the minutes of the Grand Jury, defendant sought dismissal of other counts, contending they were not supported by legally sufficient evidence or were duplicitous. Before County Court's decision on this motion, the prosecution moved to amend the indictment by deleting 10 counts as time barred and by eliminating the duplicitous language. County Court treated this motion as a cross motion to defendant's motion to dismiss. The motion of defendant was denied and the cross motion of the prosecution was granted.

Defendant now claims that the denial of his motion to dismiss must be considered on this appeal, since his contentions survived his guilty plea. We disagree. After his voluntary plea of guilty, defendant is precluded from raising all

issues related to his indictment, except jurisdictional ones *(see, e.g., People v Scott,* 3 NY2d 148, 152). In New York an indictment is jurisdictionally defective "only if it does not effectively charge the defendant with the commission of a particular crime" *(People v Iannone,* 45 NY2d 589, 600; *accord, People v Ray,* 71 NY2d 849, 850). Therefore, by pleading guilty, defendant waived any error made by County Court in allowing amendment of the indictment *(see, People v Harris,* 117 AD2d 752), as well as challenges based on lack of specificity as to when the crimes occurred and upon alleged duplicity *(see, People v Nicholson,* 98 AD2d 876). Waiver also applies to the sufficiency of the Grand Jury evidence supporting the indictment *(see, People v Cohen,* 52 NY2d 584, 587). Contrary to defendant's claim, this rule is not circumvented by raising these issues in a pretrial motion to dismiss *(see, supra).* In this regard, however, the Court of Appeals has stated that an indictment which fails to accord a defendant " 'fair notice of the charges made against him, so that he can prepare a defense and in order to avoid subsequent attempts to retry him for the same crime or crimes' ", is jurisdictionally defective *(People v Ray, supra,* at 850, quoting *People v Wright,* 112 AD2d 38, 39 [Callahan, J., dissenting], *revd on dissenting opn below* 67 NY2d 749). Applying these stated principles, the indictment herein, in our opinion, satisfies the legal sufficiency and the fair notice requirements *(see, People v Morris,* 61 NY2d 290, 295). Considering the age of the victims and the amount of time that elapsed between the occurrence of the crimes and the date of the indictment, the two-to-three-month periods designated in the indictment as the time frame within which the crimes occurred are not so excessive on their face as to be unreasonable *(see, People v Keindl,* 68 NY2d 410, 419). Therefore, this claim of defendant lacks merit.

Defendant's next contention concerns the validity of his sentencing as a second felony offender. Although defendant did not raise this issue prior to sentencing, it appears that he was improperly sentenced as a predicate felon. The predicate felony, sodomy in the second degree, was alleged to have been committed on November 18, 1985. Inasmuch as no sentence was imposed upon that prior conviction before commission of the present felonies, and since no offense here has been alleged to have been committed after that date, defendant was improperly considered a predicate felon *(see,* Penal Law § 70.06 [1] [a], [b] [ii]; *People v Kotler,* 118 AD2d 592, *lv denied* 67 NY2d 945) and is entitled to resentencing *(see, People v Giraldo,* 106 AD2d 401, 402). The judgment of conviction

must, therefore, be modified by vacating the sentences imposed and the matter must be remitted to County Court for defendant's resentencing as a first felony offender.

Judgment modified, on the law, by vacating the sentences imposed; matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.