(May 11, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS J. DUBOY, Appellant.—Mahoney, P. J., Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered January 10, 1986, convicting defendant upon his plea of guilty of the crimes of use of a child in a sexual performance and sodomy in the second degree, and (2) by permission, from an order of said court, entered February 29, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following allegations that he performed sexual acts with and photographed nude children, and the discovery at his apartment pursuant to a search warrant of various books,

magazines and photographs of nude children performing sexual acts, defendant was charged in two indictments with various sex crimes. As part of a negotiated plea agreement to satisfy the indictments, defendant pleaded guilty to single counts of use of a child in a sexual performance and sodomy in the second degree. He was sentenced as a second felony offender to concurrent terms of incarceration of 7½ to 15 years for use of a child in a sexual performance and 3½ to 7 years for sodomy. Defendant appeals from this judgment of conviction, as well as from an order denying his motion to vacate the judgment on the grounds that, *inter alia,* he was denied effective assistance of counsel and Penal Law § 263.05 is unconstitutionally overbroad and violative of his privacy rights. We affirm the judgment and order.

Under Penal Law § 263.05, a person is guilty of use of a child in a sexual performance if "knowing the character and content thereof he employs, authorizes or induces a child less than sixteen years of age to engage in a sexual performance". A sexual performance is "any performance or part thereof which includes sexual conduct by a child less than sixteen years of age" (Penal Law § 263.00 [1]). A performance is limited to "any play, motion picture, photograph or dance" and includes "any other visual representation exhibited before an audience" (Penal Law § 263.00 [4]). Sexual conduct is defined as "actual or simulated sexual intercourse, deviate sexual intercourse, sexual beastiality *[sic]*, masturbation, sadomasochistic abuse, or lewd exhibition of the genitals" (Penal Law § 263.00 [3]). Defendant, at his plea allocution, admitted photographing a child less than 16 years of age who was masturbating, activity not seriously challenged as being within the scope of this statute.

Defendant's primary claim is essentially that acts within the statute performed in the privacy of one's residence, as distinguished from those performed by commercial child pornographers, are entitled to constitutional protection. We cannot agree. In *People v Keyes* (141 AD2d 227, 230-231, *lv granted* 73 NY2d 979), we recently rejected a similar argument in a challenge to the constitutionality of Penal Law § 263.15 and recognized that the State's compelling interest in regulating child pornography is not dependent on whether the material is distributed commercially or possessed privately since the focus is on the harm to the child. This logic is equally applicable to Penal Law § 263.05 which, therefore, is not violative of a constitutional right to privacy or overbroad as prohibiting private acts as claimed by defendant.

We also reject defendant's claim that he was denied effective assistance of counsel. Our review of the record reveals that appropriate motions and other pretrial procedures were undertaken on behalf of defendant, whose counsel negotiated a favorable plea agreement especially in light of the numerous charges. It is noteworthy that during his plea allocution defendant acknowledged that he understood the parameters and effect of the plea agreement and voiced no reluctance in accepting it. Under such circumstances, we find no denial of defendant's right to effective assistance of counsel (see, People v Baldi, 54 NY2d 137).

We also reject defendant's assertion that the indictments insufficiently specified the alleged time of the criminal activity so as to deprive defendant of his right to notice. This challenge to the factual allegations in the indictments was waived by defendant's guilty plea (see, e.g., People v Hunt, 148 AD2d 836; People v Nicholson, 98 AD2d 876). In any event, considering that time is not a substantive element of the charged crimes, the indictments specified months, seasons or other more specific time frames and the victims were relatively young, we would find no reversible error in this regard upon review of the merits (see, Matter of Block v Ambach, 73 NY2d 323, 333; People v Keindl, 68 NY2d 410, 419-420; People v Morris, 61 NY2d 290, 295-296; People v Hunt, supra). We also reject defendant's contentions with regard to the constitutionality and propriety of the sentence.

Judgment and order affirmed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.