■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY R. CAMMARERE, Appellant. [611 NYS2d 682] —Cardona, P. J. Appeal from a judgment of the County Court of Fulton County (Mazzone, J.), rendered August 13, 1992, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and sexual abuse in the second degree (two counts).

Defendant's convictions stem from his alleged sexual contact with two young girls, one of them nine years old (hereinafter victim A) and the other 12 years old (hereinafter victim B) during their Easter vacation between March 22, 1991 and April 8, 1991. Both girls went over to defendant's house because he let them play video and board games. He also gave them money and drove them to the store for candy. On or about April 8, 1991, a counselor from victim A's school contacted the City of Gloversville Police Department to report a claim that victim A had been improperly "touched" by defendant in a sexual manner.

During victim A's interview at the police station, victim B was mentioned and thereafter victim B was also brought to the station. Subsequent examinations of both children did not reveal any signs of trauma or physical evidence of sexual abuse. Defendant was tried on 17 counts in two separate indictments alleging rape, sodomy, sexual abuse and endangering the welfare of a child. The two victims testified as did defendant, who denied any sexual contact with the children. As previously noted, defendant was convicted of one count of sexual abuse in the first degree and two counts of sexual abuse in the second degree and acquitted of the other charges.

Although not characterized as a challenge to the legal sufficiency of the evidence, the essence of defendant's first argument is that the evidence was not sufficient to establish his guilt of the three counts charging sexual abuse. With

regard to his conviction for sexual abuse in the first degree,* the record clearly reflects that victim A indicated with the aid of an anatomically correct doll at trial that defendant fondled her chest. Victim B also specifically testified that she saw defendant touch victim A's chest. Accordingly, this count was sufficiently supported by the evidence.

Although victim B testified that defendant touched her in the *chest* in the living room of his home, while count 7 of indictment No. 65-91 essentially charged defendant with touching her *genitals* in the living room, we find this variation inconsequential *(see, People v Grega,* 72 NY2d 489, 497). Here there can be no question that a touching of either the chest or genitals of victim B would be sufficient for a conviction of sexual abuse in the second degree, which requires the "touching of the sexual or other intimate parts of a person" (Penal Law § 130.00 [3]).

Defendant was also convicted of sexual abuse in the second degree under the second count of indictment No. 65-91, which essentially charged him with touching the breasts and genitals of victim B with his hands in his bedroom. In testifying as to what occurred in defendant's bedroom, victim B referred to acts comprising rape and sodomy, as alleged in counts 3 and 4 of the indictment, but did not mention that defendant touched her with his hands. The jury specifically rejected the charges of rape and sodomy by finding defendant not guilty of counts 3 and 4. There is nothing in the record to support the allegations of sexual abuse charged in count 2. Because there is no valid line of reasoning and permissible inferences which could justify the jury's determination of guilt *(see, People v Bleakley,* 69 NY2d 490, 495), we reverse defendant's conviction under this count and dismiss it.

We now turn to defendant's claim that the convictions were against the weight of the evidence. In determining this issue, we view the evidence in a light most favorable to the People *(see, People v June,* 183 AD2d 960, 961, *lv denied* 80 NY2d 905). The children's testimony regarding the acts of sexual touching squared with their initial complaints given to victim A's school counselor, the police and hospital personnel. While the testimony of the two young victims concerning the charges of rape and sodomy left room for doubt, they remained consistent in stating that defendant had touched them "where [they did not] want to be touched". Furthermore, evidence that

---

* Count 16 of indictment No. 21-91 essentially charges that defendant subjected victim A to sexual contact by touching her breasts with his hands.

defendant permitted the children to lift weights at his house, gave them money, took them for rides in his car and hugged victim A, together with the tone of his taped-recorded, police-monitored conversation with them, which suggested a more intimate relationship than the innocent one that defendant portrayed, raised permissible inferences of wrongdoing by defendant in his relations with the child victims. Because credible evidence in the record supports the jury's verdict, we see no reason to disturb it *(see, supra)*. Accordingly, we do not find the guilty verdicts on the charges of sexual abuse in the first degree under count 16 of indictment No. 21-91 and sexual abuse in the second degree under count 7 of indictment No. 65-91 to be against the weight of the evidence.

Defendant further contends that count 16 of indictment No. 21-91 should be dismissed because of nonspecificity *(see,* CPL 200.50) for failing to give him notice of the time or place of the alleged conduct. First, as to the location, we agree with the People that informing defendant in the bill of particulars that the alleged act occurred in his living room was sufficient *(see, People v Morris,* 61 NY2d 290, 293). Second, taking into consideration (1) that time was not an essential element of the crimes, (2) the age and intelligence of the victims, and (3) the nature of the crimes, the span of time set forth in the indictment, which encompassed the victims' "Easter" vacation, was sufficiently specific *(see, People v Watt,* 81 NY2d 772, 774-775; *People v Keindl,* 68 NY2d 410, 419-420; *People v Morris, supra,* at 295-296; *People v Bolden,* 194 AD2d 834, *lv denied* 82 NY2d 714). Likewise, we reject defendant's contention that this count of the indictment violated the prohibition against duplicitousness. This count charged only one crime *(see, People v Keindl, supra,* at 417), the touching of victim A's breasts. We find that this count provided defendant with fair notice of the nature of the crime against him *(see, supra,* at 416).

Finally, we find no merit in defendant's argument that the jury was coerced into reaching a compromised verdict after it twice stated that it was deadlocked. It is well settled that "[t]he amount of time a disagreeing jury should be kept together and whether a mistrial should be declared are matters of sound judicial discretion" *(People v Sheldon,* 136 AD2d 761, 764). A review of the record shows that in each instance, a notice of deadlock was sent after a relatively short period of actual deliberations and at all times the jury continued to ask for further information, evidence and instructions. Thus, the deliberative process never truly stopped. Given these circum-

stances and County Court's balanced instructions, we find no abuse of discretion.

White, Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of sexual abuse in the second degree; count 2 of indictment No. 65-91 is dismissed and matter remitted to the County Court of Fulton County for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.