■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. ROE, Appellant. [653 NYS2d 966] —Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 17, 1995, convicting defendant upon a verdict of the crimes of sodomy in the first degree, sodomy in the second degree, sexual abuse in the first degree, sexual abuse in the second degree (two counts) and endangering the welfare of a child.

In April 1995 defendant was indicted in a six-count indictment; a two-day jury trial was held in October 1995. The prosecution called two witnesses; the alleged victim (born in 1981) and her mother. The testimony revealed that defendant moved in with the child and her mother in 1990 and continuously lived with them until his arrest in December 1994. The child was between the ages of 10 and 14 years old when defendant allegedly had sexual contact with her. There were no other children living in the different apartments that the three inhabited except an occasional weekend visitation from two of the mother's other children.

The child testified that she first recalled incidents of sexual

abuse when they lived on Vestal Avenue in the City of Binghamton, Broome County, when she was 10 years old. The child testified that "[defendant] would touch my breasts with his hands and my vagina with his hands. And he would use his mouth on my breasts and vagina, also." The child testified that the abuse always occurred in her mother's bedroom when her mother was at work and defendant was babysitting her; she also stated that she was warned by defendant not to tell anyone because no one would believe her. The child further testified that shortly after Thanksgiving 1994 defendant used his mouth on her breasts and vagina and that the last time any abuse occurred was on December 11, 1994 when defendant fondled her breasts and vagina. The mother testified regarding the different locations of the apartments where the parties resided and the time periods when they were residents in each apartment. The mother also testified that she relied on defendant to babysit the child while she worked and although the child would often request that a friend sleep over defendant would not permit it. The defense called no witnesses.

After trial, defendant was convicted on all six counts. Defendant was sentenced as a second felony offender to terms of imprisonment of 3 to 6 years for the sodomy in the second degree conviction (count 1), to run consecutively with a sentence of 6 to 12 years on the sodomy in the first degree conviction (count 2). He was also sentenced to terms of one year each for two convictions of sexual abuse in the second degree (counts 3 and 4) and one year for his conviction of endangering the welfare of a child (count 6). Finally, defendant was sentenced to a term of 3 to 6 years for his conviction of sexual abuse in the first degree (count 5). The sentences under counts 3, 4 and 6 were ordered to run concurrent with the sentence for count 1, while the sentence for count 5 was to run concurrent with the sentence for count 2. Defendant appeals.

Initially, although unpreserved for appellate review, we reject defendants contention that County Court committed reversible error in its charge to the jury pertaining to reasonable doubt. A review of the record reveals that when County Court initially discussed reasonable doubt, it applied the concept toward the "evidence" presented. Significantly, when addressing the first count of the indictment County Court specifically instructed the jury that guilt beyond reasonable doubt applied to "each of the following four elements" of the crime. Similarly, the court instructed that guilt beyond reasonable doubt applied to each of the elements of the remaining counts of the indictment. Further, during deliberations the jury requested a definition of reasonable doubt; in response County Court read

back its initial charge pertaining to reasonable doubt. Accordingly, defendant's contention is completely lacking in merit and a reversal is not warranted in the interest of justice (*see,* CPL 470.15 [6]).

Next, viewing the evidence in a light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621; *People v Johnson,* 213 AD2d 791, 793, *lv denied* 85 NY2d 975), we find the evidence adduced at trial to be legally sufficient to establish guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Carthrens,* 171 AD2d 387). Defendant's assertion that the proof at trial offered by the child which related to the most recent incident of abuse in 1994 was insufficient to show intent with respect to counts 1 and 3 is belied by the record. The child testified that, at that time, defendant "used his mouth on my breasts and vagina". Clearly such unrefuted testimony supports a determination that the acts were voluntary and intentional. Finally, in establishing a time period relating to the specific occurrence and initiation of sexual abuse, the child testified that certain acts occurred before she started fifth grade, that she had just moved into the Vestal Avenue residence and that the acts occurred in the summertime. In our view this evidence was sufficient to show that the act occurred on a child less than 11 years old, a fact that was corroborated by her mother who testified that she moved to Vestal Avenue in June or July 1992.

White, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.