■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MENDEZ, Appellant. [680 NYS2d 220] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered March 11, 1992, convicting defendant, after a jury trial, of three counts of murder in the second degree, three counts of robbery in the first degree, two counts of burglary in the first degree, four counts of robbery in the second degree, two counts of assault in the second degree, and one count each of attempted burglary in the first degree and sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 34½ years to life, unanimously affirmed.

Defendant's suppression motions were properly denied. The court properly found that police observation of defendant running from the scene of gunshots while looking over his shoul-

der, combined with defendant's furtive behavior at the approach of the police, provided reasonable suspicion that defendant was involved in criminal activity, thereby justifying a forcible stop for investigative purposes (*People v Salva*, 228 AD2d 344, *lv denied* 89 NY2d 867; *People v Blackwell*, 206 AD2d 300, *appeal dismissed* 85 NY2d 851). When the officer who made these observations radioed a description of defendant that was sufficiently specific under the circumstances, and other officers observed defendant, who matched the description, who was running in close temporal and spatial proximity to the first incident, who was the only person on the street, and who disregarded a direction to stop, the police were justified in conducting a protective patdown and in handcuffing defendant pending a prompt show-up procedure (*see, People v Smith*, 228 AD2d 173, *lv denied* 88 NY2d 1071; *People v Watkins*, 226 AD2d 173, *lv denied* 88 NY2d 996). Once defendant was identified as a perpetrator by an eyewitness to the crime, there was probable cause for defendant's arrest.

The court appropriately exercised its discretion in denying defendant's motion for severance of charges properly joinable under CPL 200.20 (2) (c) and (d), because neither the facts nor defendant's arguments presented the good cause showing required (CPL 200.20 [3]; *People v Lane*, 56 NY2d 1, 10). Further, the court properly instructed the jury regarding consideration of evidence in connection with the two separate incidents, and it is presumed that the jury understood and followed those instructions (*see, People v Moore*, 71 NY2d 684, 688). Concur—Lerner, P. J., Sullivan, Nardelli and Rubin, JJ.