(January 13, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARIANO, Appellant. [701 NYS2d 512] —Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered September 5, 1997, convicting defendant upon his plea of guilty of three counts of the crime of burglary in the second degree.

On September 5, 1997, defendant entered a plea of guilty to three counts of burglary in the second degree and was, thereafter, sentenced as a second violent felony offender to concurrent determinate prison terms of 10 years on each count.

Defendant does not challenge the severity of his sentence but rather that the underlying reference to defendant as a

second violent felony offender was erroneous. We agree. Although defendant did not raise this issue prior to sentencing, it appears that he was improperly sentenced as a second violent felony offender based upon a conviction for criminal possession of stolen property in the third degree, which occurred approximately 10 months after the commission of the burglaries. Consequently, this criminal possession of stolen property conviction could not form the basis for sentencing defendant as a second violent felony offender, since it is not a sentence for a violent crime committed before the commission of the present felony (see, Penal Law § 70.06 [1] [b] [ii]). Accordingly, defendant is entitled to be resentenced (see, People v Hunt, 148 AD2d 836, lv denied 74 NY2d 665). The judgment of conviction must, therefore, be modified by vacating the sentence imposed and the matter remitted to County Court for defendant's resentencing.

Cardona, P. J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.