■ The People of the State of New York, Respondent, v Alexander Johnson, Also Known as Lloyd Raggs, Also Known as Candice Moore, Appellant. [703 NYS2d 545] —Graffeo, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered June 12, 1998, upon a verdict convicting defendant of the crimes of sodomy in the second

degree, sodomy in the third degree (three counts), sexual abuse in the second degree (three counts), endangering the welfare of a child (three counts) and sexual abuse in the third degree (five counts).

Defendant's conviction arises out of the sexual abuse of three minor male children (hereinafter victims A, B and C) in May and June 1997. The indictment alleged that the incidents occurred on May 10, 1997 and June 20, 1997 at defendant's residence. Subsequent to the indictment, the victims and other witnesses provided additional information with respect to the dates of the incidents. Accordingly, a superseding indictment charged that the criminal acts occurred on May 10, 1997 and in the "latter part of June 1997" and prior to trial this time frame was further narrowed by the People to between June 20, 1997 and June 26, 1997. County Court, after a hearing, denied defendant's motion to dismiss counts 8 through 16 on the ground of nonspecificity and further limited the time period to two days (June 20 or June 21). Defendant's motion to sever the counts pertaining to the May incident was also denied.

At the conclusion of trial, the jury returned a guilty verdict on all charges contained in the indictment except for the counts charging sodomy in the first degree. Defendant was sentenced as a second felony offender to an aggregate term of incarceration of 8½ to 19 years. Defendant now appeals.

Defendant contends that County Court should have dismissed the counts relating to the June 1997 incident which involved victims B and C because the charges lacked specificity as to the time frame of the alleged illegal conduct. We disagree. Pursuant to CPL 200.50 (6), an indictment must contain "[a] statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time". However, when the period of time is not an essential element of any of the charged crimes, an approximation of time is satisfactory as long as the time interval is sufficient to enable a defendant to prepare a defense (see, *People v Watt*, 81 NY2d 772, 774; *People v Cammarere*, 204 AD2d 762, 764, *lv denied* 83 NY2d 965; *People v Duboy*, 150 AD2d 882, 884, *lv denied* 74 NY2d 846). In any event, the determination of whether the period of time set forth in an indictment was adequate " 'must be made on an ad hoc basis by considering all relevant circumstances' " (*People v Watt, supra*, at 774, quoting *People v Morris*, 61 NY2d 290, 295).

Here, the superseding indictment stated that the period of time was the "latter part of June 1997" and that time frame was narrowed by the People to one week (June 20-26, 1997). In

its decision addressing defendant's motion to dismiss, based on the proof presented at a pretrial hearing, County Court held that the latter alleged incident occurred on either June 20 or 21, 1997. Because that court's decision was issued on the eve of trial, County Court also indicated that it would allow defendant additional time to prepare for trial. Noting that the nature of the offenses, which included multiple counts of sodomy and sexual abuse, do not involve time as a substantive element of the charged crimes, and in light of the fact that the victims were ages 13, 14 and 15, we conclude that the time span set forth in the superseding indictment and as limited by the further investigatory diligence of the People (*see, People v Morris*, 61 NY2d 290, 296-297, *supra*), was sufficiently narrow to satisfy the requirements of CPL 200.50 (6) (*see, People v Cammarere, supra*, at 764; *People v Duboy, supra*, at 884). Moreover, there is nothing in the record to indicate that the lack of a specific date prevented or curtailed defendant's preparation of his case.

Defendant's next assertion that County Court erred by denying his motion to sever the counts pertaining to victim A from the counts pertaining to victims B and C is without merit. It is axiomatic that the determination whether to sever counts for separate trials is within the trial court's sound discretion (*see*, CPL 200.20 [3]; *People v Burnett*, 228 AD2d 788, 789). Contrary to defendant's assertion, there is no indication in the record that the jury was not able to separately consider the discrete acts which constituted the separate charges of the indictment (*see, People v Burnett, supra*, at 788; *People v Boyea*, 222 AD2d 937, 939, *lv denied* 88 NY2d 934; *People v Halm*, 180 AD2d 841, 843, *affd* 81 NY2d 819), or that the determination was otherwise prejudicial (*see, People v King*, 170 AD2d 710, 713). The crimes charged were "the same or similar in law" (CPL 200.20 [2] [c]) and the jury was instructed with respect to each individual count. There is no manifestation that the jury did not understand or follow the charges in reaching its verdict (*see, People v Mendez*, 255 AD2d 128, 129, *lv denied* 93 NY2d 876).

Lastly, defendant's contention that the conviction was against the weight of the evidence also fails. Reviewing the evidence in a neutral light and weighing the testimony and inferences to be derived therefrom (*see, People v Huntley*, 259 AD2d 843, *lv denied* 93 NY2d 972), we find that the verdict was sufficiently supported by the weight of the evidence. All three victims testified at trial in detail with respect to the acts constituting the crimes charged. Specifically, victim A revealed that defendant told him that he could make a substantial

amount of money as a model and offered to buy him a pair of expensive athletic shoes to lure him to his home. When victim A arrived at defendant's house, defendant felt his penis and thereafter instructed the victim to remove his clothes and lie down on the couch. Defendant placed victim A's penis in his mouth and after victim A pushed his head away, defendant told him to lie on his stomach, at which time the victim was sodomized.

Victims B and C later accompanied victim A to defendant's house based on defendant's assurance that each boy could make money modeling. The victims were all told that they could not be "body shy" if they wanted to be models. Victims B and C then separately testified with respect to defendant's acts, which included the instruction to take off their clothes and lie next to each other, at which time defendant fondled the penises of both boys. He then inserted victim B's penis in his mouth and rubbed victim C's penis at the same time. Defendant also stuck his finger in victim B's anus and later sodomized him after instructing him to lie on his stomach.

Although portions of the victims' testimony varied, each victim's testimony was essentially consistent with the others. All three boys revealed defendant's method of luring them to his home, along with the type of acts that were committed. Defendant's presentation of an alibi defense merely created credibility issues for the jury to consider. According due deference to the jury's determination with respect to these credibility issues (*see, People v Waite*, 243 AD2d 820, 822, *lv denied* 91 NY2d 931; *People v Batista*, 235 AD2d 631, 632, *lv denied* 89 NY2d 1088) and after a review of the compelling testimony of the victims, we conclude that the verdict was not against the weight of the evidence (*see, People v Maxwell*, 260 AD2d 653, *lv denied* 93 NY2d 1004; *People v Sherman*, 250 AD2d 873).

We have considered defendant's remaining contentions, including the assertion that the indictment was duplicitous, and have found them either unpreserved for appeal or lacking in merit.

Cardona, P. J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed.