(May 20, 2004)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SMITH, Appellant. [776 NYS2d 528]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), rendered April 4, 2001 in Rensselaer County, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

Following a jury trial, defendant was found guilty of burglary in the second degree and petit larceny based upon evidence that

he broke into his neighbors' first floor apartment and stole computer disks. Sentenced to an 11-year prison term on the burglary conviction and a concurrent one-year term on the petit larceny conviction, he now appeals. We affirm.

The trial testimony established that Matthew Bennett and Peter Cooke returned to their apartment one night and discovered that their front door had been broken open. Upon searching the premises, Cooke discovered defendant "scrunched up" in his bedroom closet. Notably, when they had left one hour earlier, the front door was intact and locked and defendant was outside socializing with others on the front steps.

The police were immediately contacted and defendant arrested. At this time, computer disks were found on his person. At trial, one of these disks was identified as belonging to Cooke and the remaining disks were identified as belonging to another occupant of the apartment. Thus, we are satisfied that the burglary and petit larceny charges were established by legally sufficient evidence and that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Further, since we have found the verdict to be legally sufficient, defendant's challenge to the legal sufficiency of the evidence before the grand jury is foreclosed (*see* CPL 210.30 [6]; *see also People v Huston*, 88 NY2d 400, 411 [1996]; *People v Civitello*, 287 AD2d 784, 786 [2001], *lv denied* 97 NY2d 703 [2002]).

Next, to the extent preserved for this Court's review, we are unpersuaded by defendant's claim that the petit larceny charge was not sufficiently pleaded to enable him to prepare a defense. The indictment, as amplified by the bill of particulars, adequately informed defendant that he was being charged with stealing computer disks from a specific residence and that these disks belonged to one or more of three named individuals who lived there (*see generally People v Iannone*, 45 NY2d 589 [1978]). Moreover, this is exactly what was proven at trial. Thus, we are unpersuaded that the indictment suffered from any jurisdictional infirmity because it did not allege all of the elements of petit larceny (*cf. People v Wilson*, 93 NY2d 222 [1999]) or that defendant was tried for a crime different than that charged in the indictment.

Defendant's remaining contentions, including the claim that his sentencing was illegal, have been reviewed and rejected as meritless.

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.