■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES OGLESBY, Appellant. [787 NYS2d 401]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Plumadore, J.), rendered July 1, 1996 in Franklin County, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, sodomy in the second degree (five counts) and sodomy in the third degree (three counts).

In a nine-count indictment, defendant was charged with various counts of rape and sodomy stemming from incidents allegedly occurring in 1991 with a female relative born in July 1977. Following a jury trial, defendant was convicted of one count of attempted rape in the first degree, five counts of sodomy in the second degree and three counts of sodomy in the third degree. Defendant was sentenced to an aggregate prison term of 8⅔ to 26 years.

Initially, we are unpersuaded by defendant's contention that the indictment did not provide him with "sufficient information regarding the nature of the charge[s] and the conduct which underlies the accusation[s] to allow him . . . to prepare or

conduct a defense" (*People v Morris*, 61 NY2d 290, 293 [1984]; *see People v Johnson [Raggs] [Moore]*, 268 AD2d 891, 892 [2000], *lvs denied* 94 NY2d 921, 923, 924 [2000]). The indictment, as amplified by the bill of particulars, properly informed defendant that he was charged with specific acts of rape and sodomy, as well as the location and times when those crimes occurred (*see People v Smith*, 7 AD3d 917, 918 [2004]). As for defendant's challenge to the sufficiency of the time periods alleged, "[a] court must consider the following factors to determine if a more precise date could have been given in the indictment: (1) the age and intelligence of the victim, (2) the surrounding circumstances, and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately" (*People v Smith*, 272 AD2d 713, 714 [2000], *lv denied* 95 NY2d 871 [2000]; *see People v Morris, supra* at 296). Furthermore, "when the period of time is not an essential element of any of the charged crimes, an approximation of time is satisfactory" (*People v Johnson, supra* at 892), and any determination regarding the adequacy of the time interval set forth in the indictment " 'must be made on an *ad hoc* basis by considering all relevant circumstances' " (*People v Watt*, 81 NY2d 772, 774 [1993], quoting *People v Morris, supra* at 295).

Here, the indictment stated the period of time for count one as "in or about late October or early November, 1991," for counts two through six, "March 1—June 30, 1991" and for counts seven through nine, a time period of "June and July or August, 1991." In this matter, the victim was 13 years old, and later 14, at the relevant times and the People produced proof indicating that the victim was initially discouraged from reporting the incidents by her mother. In addition, the crimes were committed while the victim and defendant were alone. Given the age of the victim, the time between the occurrence of the crimes and the date the victim reported the crimes, and the fact that time is not a material element of the charged crimes, we conclude that the counts charged in the indictment "were sufficiently adequate to comport with CPL 200.50 (6) and due process" (*People v Keefer*, 262 AD2d 791, 792 [1999], *lv denied* 94 NY2d 824 [1999]; *see People v Smith, supra* at 714; *People v Green*, 250 AD2d 143, 145-146 [1998], *lv denied* 93 NY2d 873 [1999]) and provided defendant with sufficient notice to prepare a defense (*see People v Morris, supra* at 297).

Next, we find that the People presented legally sufficient evidence to support defendant's conviction of attempted rape in the first degree. Contrary to defendant's argument, the People offered adequate proof of the element of forcible compulsion

(*see* Penal Law § 130.00 [8]) to support a conviction of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]). Defendant was born in 1956 and is 6 feet 2 inches tall. The victim testified that, in October or November 1991, he entered her bedroom at night while she was sleeping and "tried to put his penis into [her] vagina." The victim stated that she told defendant to stop, however, he covered her mouth and said, "Shush, be quiet," and "he kept pushing a little harder until it hurt and I was crying." When asked if she tried to move during this incident, the victim testified, "yes, but he held me down . . . He just had his body against my body and he has his hand over my mouth."

In light of the "age of the victim[ ], defendant's extreme advantage in maturity, size and strength, [and] the fact that the victim[ ] . . . considered [defendant] to be an authority figure" (*People v Sehn*, 295 AD2d 749, 751 [2002], *lv denied* 98 NY2d 732 [2002]), when viewed in a light most favorable to the People, a rational jury could conclude that defendant committed the crime of attempted rape in the first degree by means of forcible compulsion (*see People v Peraza*, 288 AD2d 689, 691 [2001], *lv denied* 97 NY2d 707 [2002]; *People v Miller*, 226 AD2d 833, 836 [1996], *lv denied* 88 NY2d 939 [1996]; *People v Wilson*, 192 AD2d 782, 783 [1993]). Additionally, in independently reviewing the testimony and giving great deference to the jury's findings regarding the credibility and demeanor of the witnesses, the jury's finding that defendant used forcible compulsion against the victim was not against the weight of the evidence (*see People v Sehn, supra* at 751).

Furthermore, we note that although defendant makes a general statement that he is challenging the weight and sufficiency of the remaining convictions, he makes no specific reference to the three convictions of sodomy in the third degree. In any event, our review establishes that the People produced legally sufficient evidence to support those convictions and they were not against the weight of the evidence. As for the five convictions of sodomy in the second degree, defendant does not detail any claim of legal insufficiency and only directs his attention to certain evidence which created questions of fact for the jury's determination. We find that there was legally sufficient proof presented to support the five sodomy in the second degree convictions and, with respect to the argument that they were against the weight of the evidence, we find no basis for reversal. According to the statute in effect at the time of defendant's convictions, a person is guilty of sodomy in the second degree when, being 18 years of age or older, he or she engages in devi-

ate sexual intercourse with another person less then 14 years old (*see* Penal Law former § 130.45). At trial, the victim testified that on five occasions between the months of March and June 1991, while lying on the couch at home, defendant laid down behind her, pulled her pants down and pressed his penis against her "butt." Defendant argues that the five convictions should be overturned because the victim testified that she did not see defendant's penis and failed to notice defendant adjusting his clothes at the time of the crimes. However, given the victim's description of how the crime occurred and that defendant's penis came in contact with her anus, we do not find it dispositive, as matter of law, that the victim did not view defendant's penis.

Defendant also challenges the convictions based upon a receipt, dated May 3, 1991, representing the purchase of a "flowered" couch, which he asserts contradicts the victim's testimony that some of the initial crimes occurred on that particular couch prior to its purchase. The People produced proof that the victim's mother replaced couches frequently. Therefore, a rational jury could have concluded that the victim was simply confused as to which couch was in the living room at the time of the initial incidents. Accordingly, when viewed in a neutral light, it cannot be said that the verdict was against the weight of the evidence (*see People v Soulia*, 263 AD2d 869, 873 [1999], *lv denied* 94 NY2d 829 [1999]; *People v Roe*, 235 AD2d 950, 952 [1997], *lv denied* 89 NY2d 1099 [1997]).

We now turn to defendant's contention that his judgment of conviction should be reversed on the basis of cumulative *Rosario* violations. Although defendant asserts that the People failed to supply him with a police incident report which referenced conversations between a local police officer and the victim regarding the crimes at issue, the record demonstrates that such material was provided to defendant prior to opening statements (*see* CPL 240.45 [1]). Defendant also claims an alleged *Rosario* violation pertaining to statements from the victim in unrelated proceedings concerning domestic violence and child endangerment issues involving the victim's family. The record indicates that, after this information was discovered by the People, it was provided to defendant and Supreme Court prior to the victim's testimony. Although defendant claims that he was prejudiced by the People's delay in disclosure, the record indicates that, during the victim's trial testimony, defense counsel cross-examined her regarding inconsistencies in her trial testimony as compared to her prior statements regarding the crimes charged against defendant. Based on the foregoing and the fact that defendant was provided with all *Rosario* mate-

rial prior to any witness testimony being received, we find that defendant failed to meet his burden of showing that the People's delay in disclosure of *Rosario* materials materially contributed to the result of the trial or caused defendant actual prejudice (*see People v Ward*, 282 AD2d 819, 822 [2001], *lv denied* 96 NY2d 942 [2001]; *People v Watson*, 281 AD2d 691, 696 [2001], *lv denied* 96 NY2d 925 [2001]).

Defendant also claims that he was deprived of his constitutional and statutory right to be present at all material stages of his trial (*see* US Const, 6th Amend; NY Const, art I, § 6; CPL 260.20). The record indicates that defendant was admitted to a hospital with complaints of chest pains on the eve of the last day of trial. Supreme Court held a telephone conference call the next morning with him, the prosecutor and the defense attorney. The record confirms that defendant acknowledged consulting with his attorney and agreed that the trial should continue in his absence. Supreme Court apprised defendant as to how the jury would be instructed regarding his absence and defendant agreed that the instruction was acceptable. Given defendant's communication with his attorney, Supreme Court's questioning of defendant regarding his waiver of his right to be present and defendant's approval of the jury instruction, we find that defendant's affirmative on the record waiver of his right to be present at trial was knowing, voluntary and intelligent (*see People v Walsh [Teflon] [Roach]*, 222 AD2d 735, 736 [1995], *lvs denied* 88 NY2d 852, 854, 855 [1996]).

Finally, we disagree with defendant's contention that he was deprived of a fair trial as a result of the People's summation. Although the prosecutor offered his own opinion regarding a defense exhibit, defense counsel never objected and, therefore, defendant's complaint regarding the inappropriate comment was not preserved for review (*see People v Harris*, 98 NY2d 452, 492 [2002]). In addition, although it appears that the prosecutor misquoted the victim's preliminary hearing testimony during summation, the record indicates that, prior to the quote, he stated the substance correctly to the jury. In any event, viewing the prosecutor's misquote in light of the entire summation and testimony, it cannot be said that defendant was deprived of his right to a fair trial (*see People v Brosnan*, 32 NY2d 254, 262 [1973]; *People v Patterson*, 83 AD2d 691, 692 [1981]).

Defendant's remaining arguments have been examined and found to be unpersuasive.

Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.