■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. DUNTON, Appellant. [817 NYS2d 442]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered September 15, 2004, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the first degree (two counts), sexual abuse in the first degree (six counts), endangering the welfare of a child (eight counts) and sodomy in the first degree.

On March 3, 2003, defendant voluntarily appeared at a State Police barracks in the Town of Princetown, Schenectady County, and gave both an oral and written confession to a State Police investigator regarding his sexual abuse of his two daughters, one born in 1993 and the other in 1994. Subsequently, defendant was indicted for two counts of course of sexual conduct against a child in the first degree, six counts of sexual abuse in the first degree, eight counts of endangering the welfare of a child and one count of sodomy in the first degree. Convicted of all counts following a jury trial, defendant was sentenced to an aggregate prison term of 99 to 103 years. Defendant appeals.

As an initial matter, defendant's challenge to the sufficiency of the evidence presented to the indicting grand jury is precluded as a result of his convictions which were based on legally sufficient evidence (*see People v Schulze*, 224 AD2d 729, 729-730 [1996], *lv denied* 88 NY2d 853 [1996]).

Next, we find no merit to defendant's claim that his statutory right to a speedy trial was violated. Although the People did not file their statement of readiness until approximately 233 days following the commencement of the criminal proceeding, the 98 days encompassed by pretrial motions is properly excludable

(*see People v Judkins*, 210 AD2d 523, 525 [1994], *lv denied* 85 NY2d 939 [1995]) and, thus, the People's statement of readiness was timely (*see People v Morales*, 309 AD2d 1065, 1065-1066 [2003], *lv denied* 1 NY3d 576 [2003]).

Defendant's contention that certain counts of the indictment are duplicitous is unpreserved for appellate review (*see People v Wright [K.O.]*, 22 AD3d 873, 875 [2005], *lvs denied* 6 NY3d 755, 761 [2005]). Nevertheless, we exercise our interest of justice jurisdiction (*see People v Raymo*, 19 AD3d 727, 729 [2005], *lv denied* 5 NY3d 793 [2005]) and find that count 3, which charges sexual abuse "on or about or between May 31, 1998 and May 30, 1999," must be dismissed since this time frame is far too excessive to particularize a single criminal act and afford defendant an adequate opportunity to prepare a defense (*see People v Keindl*, 68 NY2d 410, 419-420 [1986]; *People v Johnson [Raggs] [Moore]*, 268 AD2d 891, 892 [2000], *lvs denied* 94 NY2d 921, 923, 924 [2000]).

Defendant's challenges to other counts of the indictment as designating unreasonable or excessive time frames or as lacking in specificity are without merit. First, crimes which are defined as involving a course of conduct are not subject to the requirements of specificity with respect to time (*see People v Green*, 17 AD3d 1076, 1077 [2005], *lv denied* 5 NY3d 789 [2005]). Moreover, "when the period of time is not an essential element of any of the charged crimes, an approximation of time is satisfactory as long as the time interval is sufficient to enable a defendant to prepare a defense" (*People v Johnson, supra* at 892). Applying these principles to the challenged counts of the indictment, we conclude that time is not an essential element of any of the crimes charged. The charge of endangering the welfare of a child constitutes a "continuing crime" (*see People v Keindl, supra* at 421) and, therefore, may encompass a broad time frame. The remaining counts each allege a single criminal act with a sufficiently particularized date and, therefore, are adequately specific to allow defendant to prepare a defense.

We reject defendant's contention that his conviction under various counts of the indictment was not supported by legally sufficient evidence due to the fact that his confession was not properly corroborated. Viewing the evidence in the light most favorable to the People, we conclude that there is a valid line of reasoning with permissible inferences which would lead a rational person to conclude that defendant was guilty (*see People v Boyce*, 2 AD3d 984, 985 [2003], *lv denied* 2 NY3d 796 [2004]). Although defendant correctly points out that the victims' corroborating evidence lacks specificity with respect to the dates of

sexual activity, the victims were able to relate the occurrences with other significant events in their lives and did detail, with reasonable specificity, the frequency with which defendant engaged in the acts of sexual abuse. This testimony is adequate to corroborate defendant's confession and supports the jury verdict (*see People v Harp*, 20 AD3d 672, 673 [2005], *lv denied* 5 NY3d 852 [2005]).

We have examined defendant's remaining contentions and find each to be without merit. Defendant contends that he received ineffective assistance of counsel because his attorney made statements in open court that were adverse to his position. We have reviewed each statement of counsel to which defendant points and conclude that, instead of taking a position adverse to defendant, counsel repeatedly sought to protect his client's interests. Accordingly, defendant's present claim of ineffective assistance of counsel is belied by the record (*see People v Gilliam*, 300 AD2d 701, 701 [2002], *lv denied* 99 NY2d 628 [2003]).

As to sentence, defendant contends that imposition of consecutive maximum terms for each count is harsh and excessive. We disagree. Not only has defendant failed to demonstrate a clear abuse of discretion or the existence of any extraordinary circumstance which would warrant modification (*see People v Sieber*, 26 AD3d 535, 536 [2006]), but he also refuses to acknowledge the heinous nature of his conduct or the impact it has had upon his children. Defendant's inability to accept responsibility for his actions is manifested by his refusal to accept sex offender treatment and his insistence that he will continue daily use of marihuana. Finally, we note that despite his attempt to use his confession as a mitigating factor, he insisted upon putting his children through a trial, further traumatizing them. Under these circumstances, defendant's sentence is neither harsh nor excessive (*see People v Dalton*, 27 AD3d 779, 783 [2006]).

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as convicted defendant of sexual abuse in the first degree under count 3 of the indictment; said count dismissed and sentence imposed thereon vacated; and, as so modified, affirmed.