THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LOUIS
WALLENS, Appellant.

Reargued April 14, 1947; decided July 2, 1947.

*Harry L. Gilrie, John B. Corcoran* and *William B. Mahoney* for appellant. I. The trial was not conducted in accordance with established rules of law. (*People* v. *Dobosen*, 33 N. Y. S. 2d 318; *People* v. *McLaughlin*, 291 N. Y. 480; *People* v. *Vario*, 257 App. Div. 975; *Searle* v. *Halstead & Co.*, 139 App. Div. 134; *Dooling* v. *City of New York*, 148 App. Div. 713; *Maher* v. *Buffalo, R. & P. R. Co.*, 217 App. Div. 532; *People ex rel. Walsh* [*Franco*] v. *Warden of Sing Sing*, 176 Misc. 627; *People* v. *Wolf*, 183 N. Y. 464.) II. In a criminal case tried before a Court of Special Sessions and a jury, the presiding justice is required by law to charge and instruct the jury. (Code Crim. Pro., § 62; *People* v. *Dobosen*, 33 N. Y. S. 2d 318.) III. The statutory duty of a justice of the peace to charge and instruct the jury cannot be waived by failure to request the charge or otherwise. (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314; *Hopt* v. *Utah*, 110 U. S. 574; *People* v. *Miles*, 289 N. Y. 360; *People* v. *McLaughlin*, 291 N. Y. 480; *Screws* v. *United States*, 65 S. Ct. 1038; *People*

v. *Odell,* 230 N. Y. 481; *People* v. *Montesanto,* 236 N. Y. 396; *People* v. *Levine,* 39 N. Y. S. 2d 938.)

*Daniel J. O'Mara, Earle C. Bastow, Walter B. Reynolds* and *Gordon Steele* for District Attorneys' Association of the State of New York, *amicus curiæ.* I. In a criminal case tried before a jury and a justice of the peace the justice is required to charge and instruct the jury. (*Bishop* v. *Welch,* 149 Ill. App. 491; *People ex rel. Cosgriff* v. *Craig,* 195 N. Y. 190; *People* v. *Dobosen,* 33 N. Y. S. 2d 318; *People* v. *Raco,* 47 N. Y. S. 2d 448; *Duffy* v. *People,* 26 N. Y. 588; *People* v. *Sherlock,* 166 N. Y. 180.) II. If the justice is required to charge and instruct the jury, this requirement cannot be waived by failure to request such a charge, or otherwise. (*People ex rel. Battista* v. *Christian,* 249 N. Y. 314; *Cancemi* v. *People,* 18 N. Y. 128.)

*John S. Marsh, District Attorney* (*William E. Miller* of counsel), for respondent. I. Defendant had a fair and impartial trial. (*People* v. *Reese,* 258 N. Y. 89; *People* v. *LaFace,* 266 N. Y. S. 458.) II. The errors relied on by defendant for reversal were not properly excepted to and are thus not reviewable by the Court of Appeals. (*People* v. *Romano,* 279 N. Y. 392; *People* v. *Trybus,* 219 N. Y. 18; *People* v. *Kerns,* 7 App. Div. 535; *People* v. *Pindar,* 210 N. Y. 191; *People* v. *Cummins,* 209 N. Y. 283; *People* v. *Bresler,* 218 N. Y. 567; *People* v. *Jackson,* 196 N. Y. 357; *People* v. *Tobin,* 176 N. Y. 278.) III. If there is a duty for a justice of the peace to charge a jury, it can be waived. (*People* v. *Tobin,* 176 N. Y. 278; *People* v. *Cummins,* 209 N. Y. 283; *People* v. *Pindar,* 210 N. Y. 191.)

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *Henry S. Manley* of counsel), for Nathaniel L. Goldstein, Attorney-General. I. The justice is not required to charge and instruct the jury. (*People* v. *Dobosen,* 33 N. Y. S. 2d 318; *People ex rel. Comaford* v. *Dutcher,* 83 N. Y. 240; *People ex rel. Lawrence* v. *Mann,* 97 N. Y. 530; *People ex rel. Burby* v. *Howland,* 155 N. Y. 270; *Town of Putnam Valley* v. *Slutzsky,* 283 N. Y. 334.) II. If there is a duty for a justice of the peace to charge a jury, it can be waived. No question about that duty was properly raised on the trial, or on appeal. (*People* v. *McLaughlin,* 291 N. Y. 480; *People* v. *Gray,* 5 Wend. 289; *People*

v. *Bellinger*, 269 N. Y. 265; *People ex rel. Battista* v. *Christian*, 249 N. Y. 314.)

DYE, J. The defendant has been convicted on three separate counts after a jury trial in Justice Court in the Town of Pendleton, Niagara County, for violation of the Agriculture and Markets Law prohibiting unlicensed slaughtering (§ 96-b), unsanitary slaughtering (§ 96-d) and processing of unwholesome and adulterated meats for human consumption (§§ 199-a, 200). He has been sentenced to pay a fine of $200 and to be confined for ninety days on each of the three counts, the jail sentences to run concurrently.

At the end of the trial the justice made a statement to the jury, viz.: "Ladies and Gentlemen: Take this case, weigh the matter carefully. Your verdict must be either one that he is guilty or not guilty as charged." This gives rise to the question considered on this appeal, viz.: "In a criminal case tried before a jury and a Justice of the Peace, is the Justice required to charge and instruct the jury, and, if so, may this requirement be waived by failure to request such a charge, or otherwise?"

The People take the position that a justice of the peace is not required to charge and instruct the jury; that the procedure followed here was in keeping with long-established Justice Court practice; that, in any event, failure to make objection, to request a charge or to take exception for failure to charge constituted a waiver and the question is not available on this appeal, and that, in any event, the overwhelming proof of guilt was so clear and convincing that no room exists for an appeal based on grounds of reasonable doubt (Code Crim. Pro., §§ 542, 764). The defendant-appellant contends that failure to meet the requirements of the Code of Criminal Procedure as to a jury trial was reversible error (Code Crim. Pro., §§ 62, 388).

We deem the question comes within the defendant's statement in his affidavit on appeal that he "did not have a fair and impartial trial" and the statement of the justice in his supplemental return that he "did not charge the Jury" and is a sufficient specification to confer jurisdiction (Code Crim. Pro., § 751). It is true that the constitutional guarantee of a right to trial by jury does not extend to petty offenses tried before a court of special sessions (N. Y. Const., art. I,

§ 2; *People* · v. *Bellinger,* 269 N. Y. 265), but, when the accused — as here — demands and has been accorded a trial by jury, the order of trial from then on must follow prescribed procedure, without distinction as to whether the charge is a felony or a misdemeanor.

The Code of Criminal Procedure provides: " § 388. IN WHAT ORDER TRIAL TO PROCEED. The jury having been impaneled and sworn, the trial *must* proceed in the following order:

" 1. The district attorney, or other counsel for the people, *must* open the case;   *   *   *

" 7. The court *must* then charge the jury." (Italics supplied.)

The Code of Criminal Procedure was originally enacted as chapter 442 of the Laws of 1881, and applied to courts of record only, all reference to courts of special sessions having been omitted. This was immediately recognized as an oversight, and in the following session of the Legislature, chapter 360 of the Laws of 1882, was enacted, which amended the Code by adopting section 62, making applicable some 106 sections of the Code " as far as may be to proceedings in all courts of special sessions ". Section 388 was one of those included, subdivision 5 of which used identical language with that now being used in subdivision 7, viz.: " The court must then charge the jury." There has been no change throughout the succeeding years, except to renumber the paragraph (L. 1926, ch. 417).

Justices of the peace — we are told — paid little or no attention to that part of the enabling amendment requiring the court to charge the jury or, if they did, interpreted the statutory " must " as a permissive " may " and continued not to charge the jury in a criminal case. The practice became so general, particularly in the rural counties, that it gave rise to a well-established belief that a charge was unnecessary. It is explained that the reasons stem from the fact that justices of the peace, as a group, are men unskilled in the law and, by the simple device of omitting to charge the jury, have avoided many an appealable error, thereby facilitating a prompt and, in most instances, a final disposition of a criminal charge, for under such circumstances the jury necessarily acted as a judge of both the law and the facts. This view may have had a limited sanction many years ago (*People* v. *Croswell,* 3 Johns. Cas. 336),

but in law has been settled otherwise. In criminal trials in special sessions the jury must take the law from the court (*Duffy* v. *People,* 26 N. Y. 588; *Sparf and Hanson* v. *United States,* 156 U. S. 51. See, also, *People* v. *Sherlock,* 166 N. Y. 180, 184).

The ostensible purpose of the amendment was to give to courts of special sessions a jury trial procedure in criminal cases, which it accomplished by reference to the sections establishing jury trial procedure in criminal cases in courts of record and by the use of the phrase " as far as may be " to eliminate inappropriate matter. While this method of enactment may be characterized as a legislative short cut, it is neither irregular nor prohibited and its force and effect must be deemed equivalent to an extended and repetitious enactment of the same matter under a like title. If the latter course had been followed, no one could have doubted the necessity for a jury charge. The use of the phrase " as far as may be " in section 62 does not excuse observance of the applicable requirements set forth in the specified sections, for to hold otherwise is to declare the statute a nullity. Nor do we construe the omission of the words " and charge to the jury ", or words of similar import, from section 713 of the Code of Criminal Procedure as authority for the justices of the peace not to charge the jury; nor may it be construed as furnishing an exception to the provisions of section 62. If there could be any doubt about this — and none is apparent — we would be bound to construe it in favor of the accused. In *People ex rel. Cosgriff* v. *Craig* (195 N. Y. 190, 197) CULLEN, Ch. J., writing for the court, said: " It is sufficient to say that in cases of doubtful construction or of conflicting statutory provisions, that interpretation should be given which best protects the rights of a person charged with an offense, to a trial according to the common law."

Here the defendant, without raising objection to the form or sufficiency of the information, pleaded not guilty and demanded, and was accorded, the right to have the issues tried on the merits before a jury of six. He was entitled to have the jury instructed on the law as an essential of the trial. In the administration of justice, fundamentals designed to protect the individual in his presumed innocence may not be disregarded (*People*

v. *Bradner,* 107 N. Y. 1) and are not waived by failure to object (*People ex rel. Battista* v. *Christian,* 249 N. Y. 314). The necessity to charge has the same imperative connotation as the opening statement by the District Attorney (*People* v. *Romano,* 279 N. Y. 392), which cannot be waived (*People* v. *McLaughlin,* 291 N. Y. 480). When liberty is the forfeit it can be slight comfort to the individual to be told that the distinction between a misdemeanor and a felony determines the measure of a fair trial; that in a trial by jury in a court of special sessions the protective procedure, designed to insure a fair and impartial trial, may be disregarded because the justice is unskilled in the law; and that trial procedure, which varies between communities, should be upheld because sanctioned by long-established practice. Failure, over the years, to charge a jury in criminal trials in special sessions is insufficient to overcome the statutory mandate expressed in clear and explicit language.

Having determined that in a criminal case the justice of the peace is required to charge and instruct the jury, we are also of the opinion that such requirement may not be waived, either by failure to object and take appropriate exception, or, for that matter, by affirmative stipulation. It is a fundamental requirement and the accused, having elected to proceed to trial by jury, must be accorded a trial in keeping with prescribed procedure.

In addition to the question hereinabove discussed, nine separate errors were advanced on this appeal, the principal of which challenged sufficiency of the information to confer jurisdiction, while the remainder depended upon technical rules of evidence, only one of which — use of field notes by a witness called by the People without showing a necessity to refresh recollection — had been preserved by appropriate exception and which, in view of the indicated disposition, does not require discussion at this time.

The judgments should be reversed and a new trial ordered.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and FULD, JJ., concur.

Judgments reversed, etc.