Froessel, J.
Defendant was convicted by a jury of driving while intoxicated (Vehicle and Traffic Law, § 70, subd. 5) in the City Court of Middletown (hereinafter called the trial court). Pursuant to section 751 of the Code of Criminal Procedure, he appealed to the County Court from the judgment of conviction by filing an affidavit of errors with the trial court. In accordance with the statute, which requires that 1 ‘ the alleged errors in the *266 proceedings, conviction or commitment ” be set forth in the . affidavit, he alleged five errors in his affidavit which challenged the sufficiency of the evidence to sustain his conviction and certain evidentiary rulings of the trial court.
In accordance with section 756 of the Code of Criminal-Procedure, which requires the Magistrate or court rendering the judgment to “make a return to all the matters stated in the affidavit ” (emphasis supplied), the trial court filed a return, annexed to which were copies of the affidavit of errors, the .information, the- certificate of conviction, a transcript of the testimony together with all motions made at the trial, the court’s charge, and the Judge’s own minutes. On the “ argument of ' the appeal ” before the County Court, defendant’s counsel raised the additional ground, not specified in the affidavit of errors, that the prosecutor failed to make an opening statement to the jury, as required by section 388 of the Code of Criminal Procedure (see Code Crim. Pro., § 62; People v. Wallens, 297 N. Y. 57). Without discussing the errors assigned in defendant’s affidavit, the County Court held that, since the return of the trial court failed to show that an opening statement had been ■ made, the conviction should be reversed and a new trial ordered, “ even though there was no objection to the fundamental error on the trial and no reference was made thereto in the affidavit of errors filed in connection with the defendant’s appeal ”.
It has been uniformly held that, on appeals from convictions in Courts of Special-Sessions and by Magistrates and Police . Justices, the statute restricts the review, of the appellate court . to those questions which are raised by the affidavit of errors filed at the time of the appeal (People v. Prior., 4 N Y 2d 70; People v. Giles, 152 N. Y. 136, 141-142; People v. Scherno, 140 App. Div. 95, 97, and cases cited therein). Since defendant did not assign as error the prosecutor’s failure to make an opening statement, the trial court was not required to make a return as to that fact (Code Crim. Pro., § 756, and cases cited above).
.Hence the County Court erred in deciding that the trial court’s failure to make a return as to this fact was a basis for holding that no opening statement was made by the prosecutor. He certainly had no power to do so on the mere statement to that effect first made on “ the argument of the appeal” by defendant’s counsel. The return — which constituted the record before the *267 County Court (Code Crim. Pro., § 763) — simply provided no basis for such determination.
Prior to the entry of an order upon the decision of the County Court, the People moved for reargument, and in support thereof submitted an amended return of the trial court wherein it was certified: “ Opening was made by Assistant District Attorney Jerome Cohen and no objection was made.” Defendant vigorously opposed the motion, contending that the People and the County Court were bound by the original return. Nowhere in the opposing affidavits did defendant deny the quoted certification of the amended return, or the prosecutor’s sworn statement “ that he had opened to the jury on the trial ”, nor does he claim that no such opening statement was made.
The County Court overruled defendant’s objection to the filing of the amended return and granted reargument. It adhered to its original decision, however, holding: “ The requirement * * * is that the People make an opening which is adequate in the circumstances of the particular case on trial. In order to determine the adequacy of an opening, it is necessary that a return be made of either the opening statement of the district attorney, or a summary of the content thereof adequate to enable the appellate court to determine its sufficiency.” In both its decisions the County Court recognized the rule that the appellate court may only review questions raised in the affidavit of errors, but held that this rule should not ‘ ‘ be applied to a case in which the error involves a fundamental right of the defendant ”.
It is true that the statute mandates an opening statement by the District Attorney (Code Crim. Pro., § 388); that the reading of a short indictment does not constitute an opening (People v. Levine, 297 N. Y. 144); and that the District Attorney’s opening may not be waived (People v. McLaughlin, 291 N. Y. 480, 483; People v. Levine, supra, p. 147). But the record before the County Court did not present the question first raised by the defendant on the “ argument of the appeal ”, and an appellate court is not empowered to reverse a judgment of conviction because of a “ defect in the proceedings, which could not be waived or cured and is fundamental ”, unless “ the record discloses [such defect] upon its face ” (emphasis supplied) (People v. Bradner, 107 N. Y. 1, 4-5; see, also, People v. Levine, supra, p. 147). Judgments of conviction may not be lightly set aside *268 upon the mere statement of counsel on the argument of an appeal. If defendant felt the amended return was insufficient or defective in any way, it was his duty to make application for a “ further or amended-return ”, as authorized by section 758 of the Code of Criminal Procedure.
In People v. Wallens (supra, p. 60) defendant alleged in his affidavit of errors ‘1 that he ‘ did not have a fair and impartial trial ’ ”, and the Police Justice had stated in his supplemental return “ that he ‘ did not charge the Jury ’ ”. We held that this was “ sufficient specification ” under section 751 of the Code of Criminal Procedure to enable this court to consider the violation of subdivision 7 of section 388 of the Code of Criminal Procedure. Here, none of the errors specified in defendant’s affidavit can, by the most liberal construction, be deemed to include the failure of the prosecutor to open, and hence the trial court was not obliged to make a return as to this matter; Moreover, the amended return certified that such an opening was made, and defendant, as noted, never controverted the amended return, nor did he move for a further and more complete return on the ground that the opening made was inadequate. Under these circumstances, the County Court erred in refusing to credit the return. As we held in People v. Prior (supra, p. 73), which also involved a claimed violation of a fundamental right, namely, an adequate opportunity to secure counsel, ‘ ‘ The return of a Magistrate or Police Justice — in the absence of defendant’s motion to correct alleged defects therein (Code Grim. Pro., §§ 757, 758) — is 6 conclusive as to all controverted matters within the Magistrate’s knowledge, not only on the County Court but on the defendant and the People as well.’ ”
Inasmuch as the order of the County Court did not specify whether its determination was on the law or on the facts, or both, it must be considered a reversal on the law alone (Code Grim. Pro., § 543-a, subd. 4; People v. Dusing, 5 N Y 2d 126, 127). Hence the order appealed from should be reversed and the case remitted to the County Court, Orange County, for determination of the questions of fact raised in that court (Code Grim. Pro., § 543-b).
Chief Judge Conway and Judges Desmond, Dye, Fuld, Van Voorhis and Burke concur.
Order reversed, etc.