OPINION OF THE COURT
Memorandum.
Judgment of conviction modified as a matter of discretion in the interest of justice by deleting SOC 5 from the conditions of probation and by modifying SOC 13 in accordance with the decision herein; as so modified, affirmed.
Defendant contends that the accusatory instrument is insufficient on its face because it does not contain nonhearsay allegations that, if true, would establish every element of the charged offense of endangering the welfare of a child (Penal Law § 260.10 [1]; see CPL 100.40 [1] [c]). More specifically, he argues that the only allegation establishing the age of the victim was hearsay. This defect in the accusatory instrument is non-jurisdictional in nature (see People v Keizer, 100 NY2d 114, 121 [2003]; People v Casey, 95 NY2d 354, 362-363 [2000]), and defendant has therefore waived the issue by pleading guilty (see People v Konieczny, 2 NY3d 569, 575 [2004]; People v Keizer, 100 NY2d at 121).
Defendant also asserts that the information and supporting deposition do not allege the relevant time frame with adequate specificity. The information itself, as construed by both defendant and the People, places the telephone calls forming the basis for the charge against defendant between the months of August 2004 and July 2005; the supporting deposition, when read closely, narrows this time frame to the approximate eight-month period from November of 2004 to around July 4, 2005. Defendant contends that the exact dates and times of the telephone calls were available to the People from telephone records, and that in order to render the time frame set forth in the information adequately specific to serve the constitutional purposes of providing him with fair notice of the charge against him and protecting him against double jeopardy, the People were obligated to allege these dates and times in the information. This lack of specificity in the alleged time frame, he asserts, renders the information together with its supporting deposition (the two documents together are hereinafter referred to simply as “the information”) jurisdictionally defective. The People argue that the issue is not preserved because defendant failed to raise it in his affidavit of errors (see People v Klein, 7 NY2d 264 [1959]). By implication, they argue that the alleged *79 defect is nonjurisdictional, since a claim of a jurisdictional defect does not have to be raised in the affidavit of errors in order to be reviewable on appeal (see People v Nicometi, 12 NY2d 428, 430 [1963]). We find that the alleged defect does not rise to the level of rendering the information jurisdictionally defective.
In People v Watt (81 NY2d 772 [1993]), the Court of Appeals reenunciated the connection between the specificity of the time-frame allegation in an accusatory instrument and the rights to fair notice and protection against double jeopardy. The Court said:
“The [accusatory instrument] must ... set forth a time interval which reasonably serves the function of protecting defendant’s constitutional right to be informed of the nature and cause of the accusation, so as to enable the defendant to prepare a defense and to use the judgment against further prosecution for the same crime” (id. at 774 [internal quotation marks and citations omitted]; see also e.g. People v Sedlock, 8 NY3d 535, 538 [2007]; People v Zambounis, 251 NY 94 [1929]).
In People v Casey (95 NY2d 354 [2000], supra), the Court observed that the requirement that an information “factually describe the elements of the crime and the particular acts of the defendant constituting its commission,” thus “giv[ing] an accused fair notice and prevent[ing] double jeopardy,” was not only constitutional in dimension, but also “not waivable” (id. at 363 [citations omitted]) — and, therefore, by implication, jurisdictional. Thus, Watt and Casey together imply that an accusatory instrument that fails “reasonably” (People v Watt, 81 NY2d at 774) to serve its functions of providing fair notice and double jeopardy protection by specifying the time frame for the offense contains a jurisdictional defect; and, thus, a defendant does not have to raise the issue of the defect in the trial court in order to preserve it as a matter of law (see People v Alejandro, 70 NY2d 133 [1987]; cf. People v Konieczny, 2 NY3d 569, 575 [2004], supra [with respect to facts establishing commission of offense, “(a)n information is jurisdictionally sufficient if it contains allegations which would establish, ‘if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c])”]).
At the same time, we are cognizant of the fact that the case law that has developed in the area of indictments (as opposed to informations) has stopped far short of holding all claims of a *80 lack of time-frame specificity to be jurisdictional (see e.g. People v Irvine, 52 AD3d 866 [3d Dept 2008]; People v Albanese, 45 AD3d 691, 692 [2d Dept 2007]; People v Case, 29 AD3d 706 [2d Dept 2006]; People v Cosby, 222 AD2d 690, 691 [2d Dept 1995] [all noting that the defendant failed to preserve his specificity claim, and thus, by implication, holding the claim nonjurisdictional]; see generally People v Iannone, 45 NY2d 589, 598-599 [1978]). Of course, case law pertaining to the sufficiency of the allegations in indictments is not generally applicable to cases involving informations (see People v Alejandro, 70 NY2d 133, 138, 140 [1987], supra).
In the context of an information, the Court of Appeals, in People v Sedlock (8 NY3d 535 [2007], supra), has recognized that, with respect to an allegation in the accusatory instrument concerning a broad time frame, a line may be drawn as to whether the time frame alleged is “so excessive on [its] face that [it is] unreasonable” (People v Sedlock, 8 NY3d at 539, quoting People v Keindl, 68 NY2d 410, 419 [1986]) — as the Court has also put it, “per se unreasonable” (People v Sedlock, 8 NY3d at 538-539, quoting People v Watt, 81 NY2d at 775) — or merely unreasonable in light of “all relevant circumstances” (People v Morris, 61 NY2d 290, 295 [1984]; see Matter of Block v Ambach, 73 NY2d 323, 333 [1989]). With respect to the former type of defect, the Court said, “dismissal should follow” (People v Morris, 61 NY2d at 295); with respect to the latter type of defect, the dismissal could only come, if warranted, after a weighing of the circumstances (id. at 295-296; see also People v Sedlock, 8 NY3d at 538-539; People v Watt, 81 NY2d 772 [1993], supra; People v Beauchamp, 74 NY2d 639, 641 [1989]; People v Keindl, 68 NY2d 410 [1986], supra).
In light of these considerations, it is our opinion that a rule classifying as jurisdictional all claims of inadequate specificity in the time frame alleged by an information would be overly broad. We further note in this context that we are cognizant of the considerations of fairness and pragmatism that underlie the notion of preservation (see generally People v Udzinski, 146 AD2d 245 [2d Dept 1989]).
While in Sedlock (which, again, dealt with an information), as in Keindl, Watt, Morris, and Beauchamp (which dealt with indictments), the Court was not addressing the distinction between jurisdictional and nonjurisdictional defects — rather, it was discussing the proper analysis of (preserved) claims that the accusatory instrument was inadequate with respect to the *81 time frame alleged — the distinction drawn by the Court lends itself to application in the context at hand. In our opinion, the appropriate way to balance the mandate of People v Casey (95 NY2d 354, 363 [2000], supra) and concerns about preservation is the following. Where an information alleges a time frame that is “on its face . . . unreasonable” (People v Morris, 61 NY2d at 295), or, in other words, “per se unreasonable” (People v Sedlock, 8 NY3d at 538-539, quoting People v Watt, 81 NY2d at 775), the defect is jurisdictional and dismissal is warranted even in the absence of preservation (see e.g. People v P&N Tiffany Props., Inc., 2002 NY Slip Op 40361[U], *2 [App Term, 9th & 10th Jud Dists 2002] [“(t)he failure of the accusatory instrument to set forth the date and time of the alleged violation or, at least, the general period of time over which the violation occurred, is a jurisdictional defect”]; cf. People v Irvine, 52 AD3d 866 [3d Dept 2008], supra). In contrast, where the time frame alleged in the information is merely arguably unreasonable, the issue is nonjurisdictional, and, consequently, preservation is required.
This distinction, we note, comports with both fairness and the pragmatic considerations underlying preservation requirements. Since a jurisdictional issue does not have to be preserved, a defendant may raise it for the first time on appeal (see People v Alejandro, 70 NY2d 133, 135 [1987], supra). Hence, if an alleged deficiency in the time-frame allegations of an information that is not apparent on the face of the information were to be deemed jurisdictional, then the defendant could challenge the alleged deficiency for the first time on appeal. This would place the People in the unfair position of having to defend the information on appeal on a record devoid of the “relevant circumstances” (People v Morris, 61 NY2d at 295) that might justify their decision to draft the instrument as they did. It would similarly place the appellate court in the position of having to decide whether the time frame was insufficiently specific in light of the “relevant circumstances” without having those circumstances before it. When we apply this distinction here, defendant’s argument that the accusatory instrument is jurisdictionally defective fails because the time frame is not unreasonable on its face for the crime charged. Endangering the welfare of a child, as alleged here, is a continuing crime (see generally People v Beauchamp, 74 NY2d at 640 n) and, thus, “may encompass a broad time frame” (People v Dunton, 30 AD3d 828, 829 [2006]; see also Matter of Block v Ambach, 73 *82 NY2d 323, 333-334 [1989], supra; People v Keindl, 68 NY2d 410, 421 [1986], supra). Consequently, a count charging that offense as a continuing crime is not subject to the same requirements of specificity as a count charging a noncontinuous crime (see People v Beauchamp, 74 NY2d 639 [1989], supra; People v Keindl, 68 NY2d at 421-422; People v Dunton, 30 AD3d at 829; see generally People v Palmer, 7 AD3d 472, 472 [2004] [“the crime of course of sexual conduct against a child is a continuing crime, to which the usual requirements of specificity do not apply” (citations omitted)]).
In light of this rule, the eight-month period of time alleged here was not “so excessive that, on its face, it is unreasonable and dismissal should follow” (People v Morris, 61 NY2d at 295; see People v Keindl, 68 NY2d at 421-422 [holding count charging endangering the welfare of a child over a time period of approximately two years “proper”]; see also People v Palmer, 7 AD3d at 472 [holding time period of 3½ years “reasonable under all the circumstances” with respect to a count charging course of sexual conduct against a child]; cf. People v Sedlock, 8 NY3d 535 [2007], supra [holding a seven-month time period unreasonable, under the circumstances; the defendant there was charged with a noncontinuous crime]; People v Beauchamp, 74 NY2d at 640-641 [holding a nine-month period “excessive”; the defendant was charged with noncontinuous crimes]).
To the extent that defendant is arguing that the alleged jurisdictional defect in the information is the omission of relevant details readily obtainable by the People from telephone records, this argument amounts to a contention that the time frame alleged in the information is unreasonable not on its face, but, rather, in light of the “relevant circumstances” (People v Morris, 61 NY2d at 295). Thus, under our analysis, the alleged defect is not jurisdictional. Indeed, defendant’s argument highlights the concerns that cause us to find this type of alleged defect nonjurisdictional in nature. The telephone records issue raises factual questions that are far afield of the face of the information (for example, defendant has not established that the records were not available to him by subpoena). Defendant is in effect requesting that this court resolve the factual issues without the benefit of a relevant factual record.
Since the alleged defect with respect to specificity does not rise to the level of rendering the information jurisdictionally defective, defendant has waived the' specificity issue by pleading guilty (see People v Konieczny, 2 NY3d 569, 575 [2004], supra).
*83 Defendant has effectively waived his claim that his plea allocution might have placed him within the preservation exception of People v Lopez (71 NY2d 662 [1988]), since he did not raise a Lopez issue in his affidavit of errors (see People v Klein, 7 NY2d 264 [1959], supra). We note that the plea allocution, as summarized in the lower court’s return, would not entitle him to relief under Lopez (see People v Lopez, 71 NY2d at 666). Furthermore, and contrary to defendant’s contention, although the record contains his statements to the Probation Department and to another entity, these statements did not trigger a sua sponte duty on the part of the court, under Lopez, to conduct an inquiry (see People v Kelly, 50 AD3d 921 [2008]; People v Sands, 45 AD3d 414 [2007]).
Defendant challenges the propriety of certain conditions of probation imposed upon him. He challenges SOC 5, which provides as follows:
“SOC5 You will disclose your sexual offending history to [persons] with whom you have a significant relationship, with whom you have a close affiliation, or with whom you reside. Your therapist and/or Probation Officer will determine who shall be informed.”
We note that SOC 14 provides as follows:
“SOC14 You will not frequent places where children congregate, such as malls, playgrounds, etc., nor initiate, establish, or maintain contact with any child under the age of 18 unless accompanied by a responsible adult (approved by your therapist and/or your Probation Officer) who is made aware of your sexual offending history. You will not reside in the same building as a child under the age of 18 without the authorization of the probation officer or court.”
Exercising our broad powers under CPL 470.15 and 470.20, we delete SOC 5 as unnecessarily broad, particularly as the concerns that it apparently seeks to address are addressed by SOC 14.
SOC 13 provides:
“SOC13 You will refrain from knowingly entering into or upon any school grounds or within 1000’ of the school property line (PL220.00 Section 14 a & b) or any other facility or institution primarily used for the care or treatment of persons under the age of 18, without written permission of the probation *84 officer or the court and superintendent of said facility. This written permission must specify the limited purpose of the authorization.”
Defendant argues that this condition would impede his efforts to attend college. We modify this condition to read as follows:
“SOC13 You will refrain from knowingly entering into or upon any school grounds, as that term is defined in Penal Law § 220.00 (14), or any other facility or institution primarily used for the care or treatment of persons under the age of 18, without written permission of the probation officer or the court and superintendent of said facility. This written permission must specify the limited purpose of the authorization.”
As thus modified, SOC 13 will not apply to colleges {see Penal Law § 220.00 [14]).
We decline to modify the conditions of probation further. We note that defendant retains the right to seek further modification of the conditions of probation in the lower court, pursuant to CPL 410.20 (1), at any time until the expiration or termination of his probation.
Rudolph, PJ., McCabe and Scheinkman, JJ., concur.