The People of the State of New York, Respondent, 
against
Derek Sloane, Appellant.




Feldman and Feldman (Arza Feldman of counsel), for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from two judgments of the Justice Court of the Town of Wappinger, Dutchess County (Carl S. Wolfson, J.), rendered March 19, 2015. Each judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fifth degree.




ORDERED that the judgments of conviction are affirmed.
In October 2014, defendant was charged, in two felony complaints, with criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]) for possessing stolen credit cards and a stolen vehicle, respectively, and, in two separate accusatory instruments, with criminal possession of stolen property in the fifth degree (Penal Law § 165.40) for possessing stolen radio faces and with trespass (Penal Law § 140.05), respectively, all arising out of an incident that had occurred on October 7, 2014. In December 2014, defendant was charged in a fifth accusatory instrument, also arising from the same incident, with criminal possession of stolen property in the fifth degree for possessing stolen license plates.
On December 4, 2014, following plea negotiations, defendant accepted a plea agreement whereby the felony charges would be reduced to misdemeanors; defendant would plead guilty to two charges of criminal possession of stolen property in the fifth degree in satisfaction of all of the other charges; and he would be sentenced to two consecutive one-year jail terms. Thereafter, the Justice Court reduced the felony charge of criminal possession of stolen property in the fourth degree for possessing a stolen vehicle to criminal possession of stolen property in the fifth degree. Defendant pleaded guilty to that reduced charge, and to criminal possession of stolen property in the fifth degree for possessing stolen license plates. The Justice Court then reduced the felony charge of criminal possession of stolen property in the fourth degree for possessing stolen credit cards to a misdemeanor and dismissed that accusatory instrument. Defendant subsequently submitted a pro se motion, which the Justice Court treated as a motion to vacate his guilty pleas. The People opposed the motion. On March 19, 2015, the court denied the motion, and defendant was sentenced to two consecutive one-year jail terms. Defendant has completed [*2]his sentences.
In October 2016, an attorney representing defendant filed an affidavit of errors (see People v Smith, 27 NY3d 643 [2016]), which did not allege any errors, and the Justice Court filed a court's return. Thereafter, an Anders brief (see Anders v California, 386 US 738 [1967]) was submitted on this appeal. This court held the appeal in abeyance, upon a finding that the Anders brief filed by defendant's prior appellate counsel was inadequate, and new counsel was assigned to prosecute the appeal (57 Misc 3d 153[A], 2017 NY Slip Op 51593[U]). Defendant now contends that his prior appellate counsel provided him with ineffective assistance because he filed an affidavit of errors which alleged no errors; that the felony complaints charging him with criminal possession of stolen property in the fourth degree for possessing a stolen vehicle and stolen credit cards were not properly reduced to misdemeanors; that his plea allocution to criminal possession of stolen property in the fifth degree for possessing stolen license plates was not knowingly and intelligently entered into, and negated an essential element of the crime; and that the imposed consecutive sentences were illegal.
It is well settled that issues not raised in an affidavit of errors are not preserved for appellate review (see People v Klein, 7 NY2d 264 [1959]; People v Rozario, 20 Misc 3d 76, 83 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). However, claims of jurisdictional defects do not have to be raised in an affidavit of errors in order to be reviewable on appeal (see People v Nicometi, 12 NY2d 428, 430 [1963]), and a challenge to the legality of a sentence falls within the narrow exception to the preservation rule (see People v Samms, 95 NY2d 53 [2000]; People v Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Consequently, the only issues this court can address on this appeal are whether the felony complaints were properly reduced and whether the sentences were illegal. 
Defendant's contention that the felony complaint charging him with criminal possession of stolen property in the fourth degree for possessing a stolen vehicle was not properly reduced to criminal possession of stolen property in the fifth degree has no merit. A review of the felony complaint in question reveals that it contains notations on its face that, on "12-4-2014" the felony was "red[uced] t[o] CPSP 5 . . . 165.40." Since the complaint has "notations upon or attached [to it] which make the necessary and appropriate changes" (CPL 180.50 [3] [a] [iii]), it was properly reduced to the misdemeanor charge of criminal possession of stolen property in the fifth degree for possessing a stolen vehicle. Moreover, we need not address defendant's contention that the felony complaint charging him with criminal possession of stolen property in the fourth degree for possessing stolen credit cards was not properly reduced to criminal possession of stolen property in the fifth degree because defendant is not aggrieved by any alleged improper reduction of that charge since he did not plead guilty thereto (see e.g. People v Ruiz, 146 AD3d 417 [2017] [a defendant is not aggrieved by alleged defects in the charges of which he was not convicted]) and, in the current posture of the case, that accusatory instrument stands dismissed.
Furthermore, since defendant has fully served his sentences, any issue relating to the validity of the sentences is moot (see People v Reyes, 74 NY2d 837 [1989]; People v Mclaine, 64 NY2d 934 [1985]; People v Tomassi, 32 Misc 3d 129[A], 2011 NY Slip Op 51306[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
We note that defendant's contention that the judgments of conviction should be reversed because he received the ineffective assistance of counsel from his prior appellate counsel is not [*3]properly before this court as the affidavit of errors failed to raise that issue. In order to advance this contention, defendant is required to apply for a writ of error coram nobis.
Accordingly, the judgments of conviction are affirmed. 
BRANDS, J.P., MARANO and RUDERMAN, JJ., concur,
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 10, 2018