The People of the State of New York, Respondent, 
against
F.N.W. (Anonymous), Appellant. 




Dutchess County Public Defender (Larwence D. King of counsel), for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from a judgment of the City Court of Beacon, Dutchess County (Rebecca S. Mensch, J.), rendered February 23, 2017. The judgment, after a nonjury trial, adjudicated defendant a youthful offender upon a verdict finding defendant guilty of criminal trespass in the third degree, and imposed sentence.




ORDERED that the judgment adjudicating defendant a youthful offender is affirmed.
Insofar as is relevant to this appeal, following a suppression hearing and nonjury trial, defendant was adjudicated a youthful offender upon a verdict finding him guilty of criminal trespass in the third degree (Penal Law § 140.10 [a]). Thereafter, defendant's attorney filed an affidavit of errors (see People v Smith, 27 NY3d 643 [2016]), and the City Court filed a court's return. Defendant's appellate contentions—that the hearing court should have suppressed evidence of his identification and that he was denied a fair trial due to prosecutorial misconduct—are unpreserved for appellate review since they were not raised in the affidavit of errors (see People v Klein, 7 NY2d 264 [1959]; People v Sloane, 59 Misc 3d 143[A], 2018 NY Slip Op 50697[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Rozario, 20 Misc [*2]3d 76, 83 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Consequently, the only issues we address on this appeal are defendant's contentions that a new trial is required because the City Court impermissibly prevented his trial attorney's cross-examination on the issue of cross-racial identification, and that the verdict was against the weight of the evidence. As defendant's appellate brief fails to challenge the sentence or the sufficiency of the evidence, which issues were raised in the affidavit of errors, these issues are deemed abandoned (see e.g. People v Witkop, 114 AD3d 1242, 1243-1244 [2014]).
A review of the record does not support defendant's contention that the City Court prevented his trial attorney from completing "an efficient cross-examination . . . when [it] precluded the [d]efense from question[ing] the People's witness about potential difficulties with cross-racial identification." Although the court stated, in regard to the photographs marked for identification as Defendant's Exhibit 6, that it did not "see the relevance" of the "difference in color of those students in that picture," it, nevertheless, admitted this exhibit into evidence. The record clearly indicates that the City Court did not curtail the attorney's cross-examination on the issue of cross-racial identification.
Defendant argues that the verdict of guilt was against the weight of the evidence because he was identified as one of the persons breaking into the store based on grainy black and white recordings, and the identifying witness's testimony was "wholly incredible" and contained "various inconsistencies and embellishments." Defendant further points to the testimony of three defense witnesses, including his football coach, who could not identify defendant on the recordings. Defendant argues that those witnesses knew him better than the identifying witness and that their testimony was more credible than that of the identifying witness. Moreover, one of the defense witnesses testified that a named other person had admitted that he, not defendant, had committed the crime. Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the weight of the evidence supports the guilty verdict (see People v Romero, 7 NY3d 633, 643-646 [2006]). A review of one of the four recordings admitted into evidence reveals that the face of the person the People's witness identified as defendant can be seen, and the City Court viewed the recording and had the opportunity to observe defendant in the courtroom.
Accordingly, the judgment adjudicating defendant a youthful offender is affirmed.
RUDERMAN, J.P., ADAMS and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 20, 2020