The People of the State of New York, Respondent,
against
Omar Acevedo, Appellant. 




Larkin, Ingrassia & Tepermayster, LLP (Michael Collado of counsel), for appellant.
Orange County District Attorney (Robert H. Middlemiss and Michael J. Roche of counsel), for respondent.

Appeal from four judgments of conviction of the Justice Court of the Town of Wallkill, Orange County (Peter W. Green, J.), rendered November 14, 2018. The judgments convicted defendant, after a nonjury trial, of criminal mischief in the fourth degree, criminal obstruction of breathing or blood circulation, attempted assault in the third degree, and harassment in the second degree, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
Following a nonjury trial, defendant was convicted, in four separate judgments, of criminal mischief in the fourth degree (Penal Law § 145.00 [1]), criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), attempted assault in the third degree (Penal Law § 110.00, 120.00 [1]), and harassment in the second degree (Penal Law § 240.26 [1]), respectively, the last as a lesser included offense of an accusatory instrument charging defendant with aggravated harassment in the second degree (Penal Law § 240.30 [4]). On appeal, defendant contends that the Justice Court improperly admitted the recording of the nontestifying complainant's 911 call into evidence as an excited utterance, and that the evidence was legally insufficient to support his convictions.
Defendant's contention regarding his conviction of harassment in the second degree is unpreserved for appellate review, since defendant failed to raise this contention in his affidavit of errors (see People v Klein, 7 NY2d 264 [1959]; People v Sloane, 59 Misc 3d 143[A], 2018 NY Slip Op 50697[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Rozario, 20 Misc 3d 76, 83 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Consequently, we affirm this judgment of conviction.
It is well settled that recordings of 911 calls may be admitted into evidence pursuant to the excited utterance exception to the hearsay rule when they are made under the stress of excitement caused by an external event, and are not the product of studied reflection and possible fabrication (see People v Johnson, 1 NY3d 302, 306 [2003]; People v Brown, 70 NY2d 513, 519-520 [1987]; People v Edwards, 47 NY2d 493 [1979]). Upon a review of the record, we find that, based on the testimony of the 911 operator who had answered the complainant's 911 call, as well as the testimony of the police officer who had spoken to the complainant, the recording of the 911 call was properly admitted into evidence as an excited utterance (see People v Edwards, 47 NY2d at 497).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of criminal mischief in the fourth degree, criminal obstruction of breathing or blood circulation, and attempted assault in the third degree. 
Accordingly, the judgments of conviction are affirmed.
ADAMS and RUDERMAN, JJ., concur.
TOLBERT, J.P., taking no part.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2020