People v Amann (2021 NY Slip Op 51260(U))

[*1]

People v Amann (Christopher)

2021 NY Slip Op 51260(U) [73 Misc 3d 147(A)]

Decided on December 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-196 RO CR

The People of the State of New York,
Respondent,
against
Christopher Amann, Appellant. 

Anthony M. Giordano, for appellant.
Rockland County District Attorney (Jacob B. Sher and Carrie A. Ciganek of counsel), for
respondent.

Appeal from a judgment of the Justice Court of the Town of Haverstraw, Rockland County
(John K. Grant, J.), rendered January 27, 2020. The judgment convicted defendant, after a
nonjury trial, of harassment in the second degree, and imposed sentence. The appeal brings up for
review an order of that court (Ivonne S. Santos, J.) dated November 14, 2018 denying defendant's
motion which sought to dismiss the accusatory instrument on facial insufficiency grounds.

ORDERED that the judgment of conviction is affirmed.
Defendant and a codefendant were jointly charged in an information with one count of
harassment in the second degree (Penal Law § 240.26 [3]). It was alleged in the information
and an accompanying supporting deposition signed by the complainant that, over a 16-month
time period, in the common apartment building where defendant and the complainant resided as
next door neighbors, defendant "repeatedly caused [the complainant] to fear the safety of
[her]self . . . [her] husband . . . and [her] daughter." According to the complainant, defendant,
either alone or with the codefendant, would "stare[] at [the complainant] on numerous
occasions"; stand in the stairwell "in the way [of the complainant's daughter] attempting to block
her way and yell obscenities at her"; and "bang on the walls and doors to our apartment." The
codefendant was acquitted after trial. Defendant was convicted of harassment in the second
degree and was later sentenced to serve a seven-day term of incarceration and to pay a $250 fine,
which sentence was [*2]stayed pending resolution of this
appeal.
We reject as unavailing defendant's argument that the information is facially insufficient
because it does not allege the relevant time frame with adequate specificity. If an information
alleges "a time interval which is so large that it is virtually impossible for a defendant to answer
the charges and to prepare a defense, dismissal should follow even [where] the People have acted
diligently and a shorter time period cannot be alleged" (People v Beauchamp, 74 NY2d
639, 641 [1989]). However, in this case, where the harassment in the second degree charge is a
course of conduct offense (see Penal Law § 240.26 [3]), in light of the quantity,
variety and continual nature of the harassing incidents alleged, the 16-month time period given in
the information was permissible, as it " 'reasonably serves the function of protecting defendant's
constitutional right to be informed of the nature and cause of the accusation . . . , so as to enable
the defendant to prepare a defense and to use the judgment against further prosecution for the
same' " offense (People v Rozario,
20 Misc 3d 76, 79 [App Term, 2d Dept, 9th & 10th Jud Dists 2008], quoting People
v Watt, 81 NY2d 772, 774 [1993]; see People v Martinez, 169 AD3d 587, 588 [2019]).
Upon a review of the record, we find, contrary to defendant's other contention on appeal, that
the guilty verdict was not against the weight of the trial evidence.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2021