People v Uhl (2023 NY Slip Op 50582(U))

[*1]

People v Uhl (Joseph)

2023 NY Slip Op 50582(U)

Decided on May 25, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 25, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2021-505 S CR

The People of the State of New York, Respondent,
against
Joseph M. Uhl, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (John Andrew Kay, J.H.O.), rendered June 21, 2021. The judgments convicted defendant, after a nonjury trial, of operating a motor vehicle with an obstructed view through the windshield, failing to obey a traffic control device, and driving at an unreasonable and imprudent speed, respectively, and imposed sentences.

ORDERED that the judgments convicting defendant of operating a motor vehicle with an obstructed view through the windshield and driving at an unreasonable and imprudent speed are reversed, on the law, the accusatory instruments charging those offenses are dismissed, and the fines and surcharges, if paid, are remitted; and it is further,
ORDERED that the judgment convicting defendant of failing to obey a traffic control device is affirmed.
In November 2020, defendant was arraigned, during a video conference, on three simplified traffic informations which charged him with operating a motor vehicle with an obstructed view through the windshield (Vehicle and Traffic Law § 375 [30]), failing to obey a traffic control device [*2](Vehicle and Traffic Law § 1111 [d] [1]), and driving at an unreasonable and imprudent speed (Vehicle and Traffic Law § 1180 [a]), respectively. 
At a nonjury trial, a police officer testified that, at the time of the incident, the weather was cold and cloudy, and the roads were wet. The officer was inside a vehicle which was stopped in the right westbound lane on "Vets Highway," at a red light, and was behind the white line, at the intersection of Remington Boulevard. The officer then heard the screeching of the tires of defendant's vehicle, which was in the left westbound lane about 30 feet behind his vehicle. The officer observed the vehicle cross the white line, pass the red light, and stop in the middle of the intersection. Defendant then backed his vehicle up, and proceeded west after the light turned green. The officer pulled defendant's vehicle over and observed two air freshener trees, each five inches long and three inches wide, hanging side by side from the vehicle's rear view mirror, located about six inches below the top of the windshield. Defendant was convicted of all charges, and was sentenced to fines. On appeal, defendant contends, among other things, in effect, that the evidence was legally insufficient to support the convictions and that the verdicts are against the weight of the evidence.
Vehicle and Traffic Law § 375 (30) provides that it is "unlawful for any person to operate a motor vehicle with any object placed or hung in or upon the vehicle, except required or permitted equipment of the vehicle, in such a manner as to obstruct or interfere with the view of the operator through the windshield, or to prevent him from having a clear and full view of the road and condition of traffic behind such vehicle." The evidence adduced at trial, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), was legally insufficient to support defendant's conviction of this charge since the officer provided no testimony that the two air fresheners obstructed or interfered with defendant's view through the windshield (see People v Diodato, 4 Misc 3d 127[A], 2004 NY Slip Op 50614[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]; People v Ferreira, NYLJ, Feb. 26, 1996 [App Term, 2d Dept, 9th & 10th Jud Dists 1996]), and no evidence was presented that the air fresheners prevented defendant from having a clear and full view of the road and condition of traffic behind his vehicle. 
Vehicle and Traffic Law § 1180 (a) provides that "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." In People v Davis (24 NY2d 796, 797 [1969]), the Court of Appeals held that Vehicle and Traffic Law § 1180 (a) "is not intended to cover all possible acts of careless driving. It is specifically directed against excessive speed." Although the officer testified regarding the weather, the road conditions, and the screeching of defendant's brakes, he provided no testimony with respect to the speed of defendant's vehicle, or the actual or potential hazards then existing. Without such testimony, the evidence adduced at trial, viewed in the light most favorable to the People (see Contes, 60 NY2d at 621), was legally insufficient to establish, beyond a reasonable doubt, that defendant was driving at an unreasonable or imprudent speed (see Davis, 24 NY2d at 797; People v Bess, 49 Misc 3d 131[A], 2015 NY Slip Op 51431[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Berger, 31 Misc 3d 145[A], 2011 NY Slip Op 50937[U] [App Term, [*3]2d Dept, 9th & 10th Jud Dists 2011]).
With respect to the judgment convicting defendant of failing to obey a traffic control device (Vehicle and Traffic Law § 1111 [d] [1]), we find that the evidence, viewed in the light most favorable to the People (see Contes, 60 NY2d at 621), was legally sufficient to establish, beyond a reasonable doubt, defendant's guilt of this charge. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according
great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict convicting defendant of violating Vehicle and Traffic Law § 1111 (d) (1) was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Defendant's remaining contentions are unpreserved for appellate review (see People v Klein, 7 NY2d 264 [1959]; People v Sloane, 59 Misc 3d 143[A], 2018 NY Slip Op 50697[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]), or have no merit.
Accordingly, the judgments convicting defendant of operating a motor vehicle with an obstructed view through the windshield and driving at an unreasonable and imprudent speed are reversed, and the accusatory instruments charging those offenses are dismissed. The judgment convicting defendant of failing to obey a traffic control device is affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 25, 2023