People v Uhl (2023 NY Slip Op 50583(U))

[*1]

People v Uhl (Joseph)

2023 NY Slip Op 50583(U)

Decided on May 25, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 25, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2021-507 S CR

The People of the State of New York, Respondent,
against
Joseph M. Uhl, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from three judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Alan M. Wolinsky, J.H.O.), rendered June 21, 2021. The judgments convicted defendant, after a nonjury trial, of speeding and two charges of failing to signal a lane change, respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
For incidents occurring in May 2020, defendant was issued three uniform traffic tickets which charged him with, respectively, speeding (Vehicle and Traffic Law § 1180 [b]) upon an allegation that he had operated a motor vehicle at 96 miles per hour (mph) in a 55 mph speed zone, failing to signal a lane change (Vehicle and Traffic Law § 1163 [d]) upon an allegation that he drove a vehicle from the left lane to the center lane without signaling, and failing to signal a lane change (id.) upon an allegation that he drove a vehicle from the center lane to the right lane without signaling. 
At a pretrial proceeding held in June 2020 at the Suffolk County Traffic and Parking Violations Agency (SCTPVA) (Allen Mathers, J.H.O.), defendant's driver's license was suspended. [*2]In November 2020, defendant was arraigned, during a video conference, and a hearing was held on defendant's application to vacate the suspension, after which the SCTPVA (John Marks, J.H.O.) denied the application upon finding no change in defendant's circumstances. Motion practice ensued, during which defendant moved to, among other things, transfer the case from the SCTPVA to the Suffolk County District Court for a determination of the motion, for dismissal of the charges, and for an order declaring section 374 and Article 14-B of the General Municipal Law unconstitutional. The motions were denied. A nonjury trial was held on June 21, 2021, following which defendant was convicted of all charges, and sentences were imposed. 
The pretrial suspension of defendant's driver's license was an administrative act which is not reviewable on a direct appeal (see CPL 450.l0, 450.15; People v Rapheal, 77 Misc 3d 137[A], 2022 NY Slip Op 51359[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Glatman, 75 Misc 3d 131[A], 2022 NY Slip Op 50444[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Acevedo-Contreras, 74 Misc 3d 138[A], 2022 NY Slip Op 50308[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Flierl, 73 Misc 3d 136[A], 2021 NY Slip Op 51065[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Pocrass, 57 Misc 3d 153[A], 2017 NY Slip Op 51596[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Rather, such a suspension is reviewable only by the Supreme Court via an article 78 proceeding (see Vehicle and Traffic Law § 510 [7]; Rapheal, 2022 NY Slip Op 51359[U]; Glatman, 2022 NY Slip Op 50444[U]; Acevedo-Contreras, 2022 NY Slip Op 50308[U]; Flierl, 2021 NY Slip Op 51066[U]; Pocrass, 2017 NY Slip Op 51596[U]). Such review includes issues defendant may have concerning any hearings related to the suspension. In addition, we find no merit to defendant's contention that the pretrial suspension of his driver's license was punitive and violated the double jeopardy clause (see Vehicle and Traffic Law § 510 [7]; Rapheal, 2022 NY Slip Op 51359[U]; Acevedo-Contreras, 2022 NY Slip Op 50308[U]).
Furthermore, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]); People v Bleakley, 69 NY2d 490, 495 [1987]), we find, contrary to defendant's contentions, that the verdicts convicting defendant of two charges of failing to signal a lane change (Vehicle and Traffic Law § 1163 [d]) were not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Defendant's remaining contentions either lack merit or are unpreserved for appellate review (see Executive Law § 71 [1], [3]; CPLR 1012 [b]; People v Klein, 7 NY2d 264 [1959]; Flierl, 2021 NY Slip Op 51066[U]; People v Sloane, 59 Misc 3d 143[A], 2018 NY Slip Op 50697[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Stoliarov, 21 Misc 3d 135[A], 2008 NY Slip Op 52209[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
Accordingly, the judgments of conviction are affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 25, 2023